(C. D. 315)

GEO. S. BUSH & CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 11, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover additional duty assessed by the collector of customs at the rate of 10 per centum ad valorem under the provisions of section 304 of section 3 of the Customs Administrative Act of 1938, which is an amendment of section 304 of the Tariff Act of 1930. The

additional duty was assessed on the ground that the merchandise was not legally marked.

The only witness called by the plaintiff was the United States customs examiner, Mr. Sydney S. Birks, Jr., who testified that he examined the merchandise covered by the entry and that it was marked with the words "Made in China" under his supervision in the Appraisers Stores at Seattle prior to January 7, 1939, which is the date of liquidation. The defendant offered in evidence a paper on customs Form 4647 entitled "NOTICE THAT GOODS MUST BE RE-DELIVERED OR LEGALLY MARKED," addressed to the importing firm. This document was received in evidence without objection and marked "Exhibit 1." That exhibit appears to be the official notice to the importer that certain teak and camphorwood chests were found not legally marked upon importation and directs that the same be marked to indicate the country of their origin. The back of the document contains two certificates showing that the articles were duly marked in accordance with specified requirements.

The entry, which is dated October 25, 1938, shows that the merchandise was imported from China. The provisions of section 304 of the Tariff Act of 1930 were amended in section 3 of the Customs Administrative Act of 1938, which was approved on June 25, 1938. According to the provisions in section 37 of that act, the marking provision became effective on the thirtieth day thereafter. The merchandise herein involved was entered on October 25, 1938, and therefore is subject to the provisions in the Customs Administrative Act of 1938. Section 304 (c) of section 3 of that act provides in part as follows:

ADDITIONAL DUTIES FOR FAILURE TO MARK.—If at the time of importation any article (or its container, as provided in subsection (b) hereof) is not marked in accordance with the requirements of this section, and if such article is not exported or destroyed *or the article* \* \* \* *marked after importation in accordance with the requirements of this section* \* \* \* there shall be levied, collected, and paid upon such article a duty of 10 per centum ad valorem, which shall be deemed to have accrued at the time of importation, shall not be construed to be penal, and shall not be remitted wholly or in part nor shall payment thereof be avoidable for any cause. \* \* \* [Italics ours.]

The plaintiff contends that, since the goods were marked before they were released by the customs officers, additional duty at the rate of 10 per centum ad valorem should not have been assessed under the authority of the above-quoted provision. The plaintiff's contention appears to be supported by a grammatical and legal construction of the first part of the statute. Congress indicates in plain language its intent to assess additional duty on unmarked articles unless they are "exported, or destroyed, or \* \* \* marked after importation" in accordance with the requirements of the section. The court considered the same point in the case of *Eurasia Import*

*Co., Inc.* v. *United States,* C. D. 226. One contention of the plaintiff in that case was that under section 6 of the Customs Administrative Act of 1938 a notice of change in practice in regard to marking imported merchandise was not applicable because the Secretary of the Treasury failed to give 30 days' notice of the intended change. The section refers to an "administrative ruling resulting in the imposition of a higher rate of duty or charge than the Secretary of the Treasury shall find to have been applicable to imported merchandise under an established and uniform practice." The court held that section 6 was not applicable because the so-called change in practice was a change with respect to the marking requirements and that section 304 (c) does not impose an additional duty when goods are legally marked either before or after importation. The court said:

> * * * The rate of duty is not involved in this case. All that was demanded by the collector is that the importer mark the goods. Section 304 (c) does not impose an additional duty when goods are legally marked either before or after importation.

The Secretary of the Treasury seems to have adopted the same view in the Customs Regulations of 1937, as amended after the enactment of the Customs Administrative Act of 1938.

Section 304 (b) of the Tariff Act of 1930 provided that additional duty at the rate of 10 per centum ad valorem should be assessed if at the time of importation any article or its immediate container was not legally marked. That section is quoted for the information of customs officers in article 528 (*c*) of the Customs Regulations of 1937. After the enactment of the Customs Administrative Act of 1938 the Secretary of the Treasury substituted, by amendment in T. D. 49658, a new provision for article 528, and, in paragraph (m) in the new regulation section 304 (c) of the Customs Administrative Act of 1938 is quoted in full. Paragraph (n) of the same article contains the following:

> * * The 10 percent additional duty is assessable for *failure to mark* the arti le (or container) either to indicate the English name of the country of origin of the article to an ultimate purchaser or to include words or symbols required to prevent deception or mistake. [Italics ours.]

The difference in the practice under the two acts is obvious. The directions in the amended regulations are to assess the additional duty *for failure to mark the merchandise* while the previous act and regulations thereunder directed that the additional duty should be assessed if the merchandise was not properly *marked at the time of importation.*

Other provisions in the amended regulations which have a bearing on the same point are noted.

Section 530 (*b*) of the Customs Regulations of 1937 was amended in T. D. 49658 by inserting the following:

> If any article required to be marked under such paragraph 367 or 368 is found not to be marked to indicate the country of origin (manufacture), the 10 percent

marking duty prescribed by section 304 (c), Tariff Act of 1930, shall be assessed, *unless marking is accomplished*, or the merchandise is exported, in accordance with section 304 (d), Tariff Act of 1930.   [Italics ours.]

A review of these various provisions in the regulations is convincing that the Secretary of the Treasury does not direct that the marking duty shall be assessed on merchandise which is properly marked before it is released from customs jurisdiction.   The collector does not state any reasons or grounds for his assessment of the additional duty in his letter of transmission of the case to the court.

We are of opinion that Congress intended that, if imported merchandise was properly marked prior to the time the customs officers' jurisdiction thereof ceased, additional duty at the rate of 10 per centum ad valorem should not be assessed.

We find from the evidence in this case that the merchandise in the shipment herein involved was legally marked while under customs supervision, and we hold that the additional duty assessed by the collector under the provisions of section 304 (c) of the Customs Administrative Act of 1938 should be refunded.   The protest is sustained.   Judgment will be entered in favor of the plaintiff.